**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FABRICE LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:26-cv-00224-MTS |
| | ) | |
| CREVE COEUR COUNTY | ) | |
| POLICE DEPT., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Since at least February 07, 2026, Plaintiff Fabrice Lewis has known that federal law required him to file certified copies of his inmate account statements with the Court if he wanted the opportunity to proceed without prepaying fees or costs. *See* Doc. [3]; *see also* Doc. [15] at 1–2 (discussing the numerous times Plaintiff has been informed of the requirement). Despite his knowledge of the requirements of 28 U.S.C. § 1915(a)(2) and the repeated orders of this Court, Plaintiff still has not filed the required certified copies. Therefore, Plaintiff has not completed the required tasks necessary to allow the Court to consider whether to grant him the privilege of proceeding *in forma pauperis*. *See Griffin v. Centurion, LLC*, 2:25-cv-0062-MTS, 2026 WL 696535, at *1 (E.D. Mo. Mar. 12, 2026) (explaining that proceeding *in forma pauperis* in a civil action is a privilege, not a right). As the Court warned it would do if Plaintiff failed to file the proper certified inmate account statements, *see* Doc. [15] at 2, the Court will dismiss this action without prejudice.

This dismissal without prejudice—as the name suggests—will not unduly prejudice Plaintiff.  *See Schooley v. Kennedy*, 712 F.2d 372, 374 (8th Cir. 1983) (per curiam).  Since there appears to be no statute of limitations issue, *see id.*, Plaintiff may refile the same claims with the Court when he is able to submit certified copies of his inmate account statement(s) for the six-month period immediately preceding the submission of his new complaint.  Indeed, it will make things easier for Plaintiff in that he may need statements from fewer institutions.  *See* 28 U.S.C. § 1915(a)(2) (explaining that prisoners must obtain statements from "each prison at which the prisoner is or was confined" for the last six months).  As ever, Plaintiff could also prepay the $405 filing fee when he files his new action.  *See* 28 U.S.C. § 1914(a).  *See also Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) (per curiam) (explaining that all prisoner-litigants must "pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time").

\* \* \*

For the reasons explained above, the Court will enter herewith an Order of Dismissal that will dismiss this action without prejudice.

Dated this 10th day of August 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

- 2 -